# Order

Michigan Supreme Court
Lansing, Michigan

May 16, 2018

154565

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

LAVERE DOUGLAS-LE BRYANT,
      Defendant-Appellee.

SC: 154565
COA: 325569
Wayne CC: 13-009087-FC

_____/

On December 7, 2017, the Court heard oral argument on the application for leave to appeal the August 23, 2016 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and REINSTATE the defendant's convictions and sentences.

Defendant's convictions arose from the robbery of a Family Dollar store in Dearborn and the shooting deaths of two store employees, Joseph Orlando and Brenna Machus. Orlando's body was found in the store. He had been shot in the head. Two days after Orlando was found dead, Machus's body was recovered from a nearby freeway service drive. She had also been shot. The police determined that both victims were killed with the same gun. Defendant, a former store employee, was soon identified as a suspect and subsequently charged with the robbery and murders.

The prosecution's theory at trial was that defendant committed the robbery, shot Orlando in the store, and abducted and sexually assaulted Machus before also shooting her. To prove its case, the prosecution successfully moved to admit other-acts evidence against defendant under MRE 404(b). This included past convictions for criminal sexual conduct in the second degree and assault with intent to do great bodily harm to a prostitute, evidence of an arrest for violating the Sex Offenders Registration Act, MCL 28.721 *et seq.*, testimony evincing sexual harassment of prior Family Dollar coworkers, and additional testimony indicating the sexual harassment of a 7-Eleven store employee.

The prosecution argued that the other-acts evidence would demonstrate motive and intent, and provide the jury with helpful context.

Even assuming the Court of Appeals correctly held that this evidence was admitted in violation of MRE 404(b), we disagree with the Court of Appeals insofar as it concluded that the admission of such evidence was harmful.

We have previously made it clear that a defendant has the burden of showing that an error entitles him to a new trial. *People v Lukity*, 460 Mich 484, 495 (1999). To meet this burden, a defendant must demonstrate that " 'it is more probable than not that the error was outcome determinative.' " *People v Lyles*, 501 Mich 107, 117-118 (2017), quoting *Lukity*, 460 Mich at 496. A reviewing court must " 'focus[] on the nature of the error and assess[] its effect in light of the weight and strength of the untainted evidence' " when conducting this analysis. *Lukity*, 460 Mich at 495, quoting *People v Mateo*, 453 Mich 203, 215 (1996). Under this standard, an error is considered harmless if there is "overwhelming evidence of a defendant's guilt . . . ." *People v Dumas*, 454 Mich 390, 409 (1997); see also *Mateo*, 453 Mich at 220-221.

In this case, the evidence of defendant's guilt was undoubtedly overwhelming. He was linked to the robbery and murders by identification testimony, as well as by physical and circumstantial evidence. A significant number of witnesses identified him as the individual seen in a surveillance video leaving the store with Machus on the evening in question. Testimony also made it clear that defendant had been previously terminated as a store employee, giving him a motive. His DNA was found on a towel in the store, with no innocent explanation for its presence months after his dismissal. Fibers recovered from his car were similar to those from Machus's pants, and fibers on Machus's clothing were also comparable to those later found in defendant's vehicle. In the days after the crime, the police observed defendant disposing of trash bags, buying cleaning supplies, washing his car, and inquiring about having the interior of his vehicle professionally detailed despite having already cleaned it. This evidence strongly implies that defendant was trying to cover up a recent wrongdoing. Additionally, defendant was arrested in possession of a quantity of small-denomination bills similar to those taken from the Family Dollar store, circumstantially connecting him to the robbery.

Viewed in its entirety, proof of defendant's guilt was so great as to render the erroneous admission of other-acts evidence harmless. In coming to the opposite conclusion, the Court of Appeals found that the inadmissible evidence "was overwhelming and worked to deprive defendant of a fair trial." This conclusion was not the product of the correct legal standard, and the Court of Appeals erred by concluding that the lower court's error was harmful. Therefore, defendant's convictions and sentences must be reinstated.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 16, 2018



Clerk

t0509